IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHAVES COUNTY and CHAVES
COUNTY on behalf of its former EASTERN
NEW MEXICO MEDICAL CENTER,

      Plaintiff,                                              CIV No. 02-194 MV/LCS

vs.

AMERICAN CONTINENTAL
INSURANCE COMPANY, MMI AGENCY,
INC., MMI COMPANIES, INC., ST. PAUL
COMPANIES, and GERHARD HAAS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion of Chaves County to Consolidate Above-Styled Cases **[Doc. No. 34]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

Six former employees of Eastern New Mexico Medical Center ("ENMMC") brought a hostile working environment case against Dr. Qudrat Kapoor, the Medical Director of the Radiation Oncology Department of ENMMC in Case No. 96-1225. The plaintiffs initially named ENMMC and a number of ENMMC supervisors as defendants, who eventually settled

with the plaintiffs. Therefore, Dr. Kapoor was the sole defendant during a bench trial, after which the plaintiffs were awarded a judgment of $3,750,000.

On January 26, 2000, Dr. Kapoor filed a Third-Party Complaint in Case No. 96-1225 against ENMMC, American Continental Insurance Company ("ACIC"), and Gerhard Haas, individually and as an agent of ACIC, for bad faith, breach of an insurance contract, breach of fiduciary duty, violations of the New Mexico Unfair Insurance Practices Act, intentional or negligent misrepresentation, intentional infliction of emotional distress, and prima facie tort. In his Third-Party Complaint, Dr. Kapoor alleged that he should have been provided insurance coverage by ACIC through ENMMC for the underlying action, and that he suffered injury due to the lack of coverage.

On December 7, 2001, Chaves County filed a complaint in state court against ACIC, MMI Agency, Inc., MMI Companies, Inc., St. Paul Companies, and Mr. Haas, alleging breach of contract, insurance bad faith, violation of the New Mexico Insurance Code, Violation of the New Mexico Unfair Practices Act, fraud, breach of an implied covenant of good faith, breach of fiduciary duties, and conversion. Plaintiff's allegations concern the insurance coverage of ENMMC provided by Defendants, which included claims related to the underlying litigation in Case No. 96-1225. The state court action was removed to the United States District Court for the District of New Mexico on February 19, 2002, and was originally assigned to U.S. District Judge C. LeRoy Hansen. This case was then transferred to this Court on August 30, 2002.

**STANDARD**

Motions to consolidate are governed by Rule 42(a) of the Federal Rules of Civil Procedure, which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Thus, "[w]here the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (citation omitted).

Once the Court has determined that there are common questions of law or fact, it "should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing *Southwest Marine, Inc. v. Triple A. Mach. Shop. Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). "Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion." *Id.* (citations omitted).

**DISCUSSION**

Plaintiff moves the Court to consolidate this action with the third-party action in Case No. 96-1225. Plaintiff argues that both civil actions revolve around the same factual issues—namely, Defendants' insurance coverage of the underlying litigation in Case No. 96-1225 against Dr. Kapoor. Therefore, Plaintiff believes that consolidation of the two cases is necessary in order

to avoid the risk of inconsistent results, spare the burden and expense of duplicating discovery and trials, and save judicial resources by not litigating common issues of law and fact before two separate judges.

On the other hand, Defendants contend that consolidation would not be proper because the two cases are so dissimilar, individual questions of law predominate over common questions, and consolidation would cause unnecessary confusion, delay, and undue prejudice towards ACIC and Mr. Haas, who are also defendants in Case No. 96-1225. Specifically, Defendants note that two of the three claims in Case No. 02-194 have nothing in common with Case No. 96-1225.

The Court agrees that some of the questions of law and fact are common to both cases, and that both cases concern the same insurance policies. However, the Court does not believe the cases are similar enough to warrant consolidation. The Third-Party Complaint in Case No. 96-1225 was filed by Dr. Kapoor, who is the defendant in the underlying litigation of that case. Thus, the common factor in both the original Complaint and the Third-Party Complaint in Case No. 96-1225 is Dr. Kapoor. On the contrary, Case No. 02-194 only tangentially concerns Dr. Kapoor, in that the insurance policy covered the lawsuit filed against him. The main issue in Case No. 02-194 is not Dr. Kapoor's disputes regarding the insurance coverage of *himself*, but rather, disputes concerning Defendants' coverage of ENMMC/County.

There are even more significant differences between Case No. 96-1225 and Case No. 02-194. The insurance coverage of the underlying lawsuit in Case No. 96-1225 is only one of the claims in Case No. 02-194. In Case No. 02-194, the County seeks further redress with regard to Defendants' coverage of an employment lawsuit filed by Dr. Orson Treloar and the purchase of insurance from MMI Agency, Inc. for risks associated with the sale of

ENMMC—neither of which has any connection to Case No. 96-1225. Additionally, the County names MMI Agency, Inc., MMI Companies, Inc., and St. Paul Companies as defendants in Case No. 02-194, while they are not parties to Case No. 96-1225.

The Court's finding that the cases are not similar enough to satisfy Rule 42(a) is dispositive of the Motion to Consolidate. However, even assuming *arguendo* that common questions of law and fact justified consolidation, the Court believes the resultant confusion would render a consolidation unwarranted. The litigation surrounding the ACIC insurance policies in Case No. 96-1225 resulted from the filing of a Third-Party Complaint, not the original underlying lawsuit. Therefore, Case No. 96-1225 already has two separate branches of litigation, and adding a third branch would cause unnecessary confusion, especially to a jury, should these cases go to trial.

Nevertheless, the Court notes the concerns raised in the Motion with respect to the potential duplication of discovery and deposition testimony if the cases were not consolidated. Since Case No. 02-194 has been reassigned to this Court, there is little likelihood of inconsistent results in both cases. Moreover, Magistrate Judge Leslie C. Smith has also been assigned to both Case No. 96-1225 and Case No. 02-194. Magistrate Judge Smith can coordinate the discovery in both cases to avoid duplication when possible. In addition, the parties can request the use of discovery and deposition testimony from both cases to be used in either litigation. The Court believes that, with the cooperation of all of the parties, the cases can remain separate and focused on the issues relevant to the respective causes of action, and also make efficient use of judicial resources.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion of Chaves County to Consolidate Above-Styled Cases **[Doc. No. 34]** is hereby **DENIED**. The parties may, however, request the use of any discovery or deposition testimony from both Case No. 96-1225 and Case No. 02-194 in either causes of action.

Dated this 30th day of September, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Tandy L. Hunt, Esq.

Attorneys for Defendants:
James H. Johansen, Esq.
Micheal P. Clemens, Esq.